## In re CARTLIDGE.

(Court of Appeals of District of Columbia. Submitted May 10, 1926. Decided June 1, 1926.)

No. 1842.

1. Patents ☞120—Patentee of coal-mining machine, having been allowed applications covering two driver methods, held not entitled to allowance of general application covering all possible arrangements for converting machine from one driver method to the other.

Patentee of coal-mining machine capable of being driven by a single chain or by two flexible elements, who has an allowed application covering each method, *held* not entitled to allowance of divisional application in general terms, covering all possible arrangements whereby the machine might be converted from one driven by one method to one driven by the other method.

2. Patents ☞120.

Patentee is not entitled to general divisional patent covering any means that may be discovered of producing the result accomplished through original patent.

Appeal from Commissioner of Patents.

In the matter of the application of Frank Cartlidge for a patent. From a decision denying the application, applicant appeals. Affirmed.

J. H. Boyden, of Washington, D. C., and L. A. Maxson, of Claremont, N. H., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office rejecting the claims of an alleged divisional application relating to coal-mining machines. The grounds of the rejection were: First, that the claims are for substantially the same invention covered by appellant's patent No. 1,538,684, of which this application is claimed to be a division; second, that the claims are unpatentable over the prior art; and, third, that they do not adequately define the invention.

[1, 2] The above patent, carrying 141 claims, was issued to appellant on May 19, 1925. On the same day there was issued to him patent No. 1,538,685, carrying 81 claims, the application being a division of the original. The drawings of the present application, filed later, are identical with those of the parent application. An examination of the present application discloses that the alleged invention consists in so arranging the machine that it may be driven by either a single driving chain or by two flexible elements. The claims attempt to cover broadly all possible arrangements whereby the machine may be converted from one driven by two flexible elements into one driven by a single chain, notwithstanding that appellant has an allowed application covering each of these elements. No mechanism for making the substitution is included. This, therefore, is an attempt through the use of general terms to cover any means that may be discovered of producing the result accomplished through the original patent. But this may not be done. Miller v. Eagle Mfg. Co., 151 U. S. 199, 14 S. Ct. 310, 38 L. Ed. 121; Heidbrink v. McKesson (C. C. A.) 290 F. 665.

For the reasons more fully stated by the tribunals of the Patent Office, the decision is affirmed.

Affirmed.